UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV01761 AGF |
| | ) | |
| POHLMAN, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## ORDER

This matter is before the Court[1] on Defendant's motion to dismiss, or in the alternative, for more definite statement and to strike [Doc. #5], filed on December 19, 2006, and Plaintiff's alternative motion for leave to file an amended complaint [Doc. #10]. The case arises out of Plaintiff's employment with Defendant, and involves Plaintiff's allegations that Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. For the reasons set forth below, Plaintiff's motion for leave to file the first amended complaint shall be granted, and Defendant's motion to dismiss shall be denied.

### Background

In her initial complaint, Plaintiff alleged that she began work for Defendant in 1992, and held the position of "Certified Mechanical Inspector" from 1992 until 2000. In

---

[1] The parties have consented to jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2000, upon returning from medical leave, Plaintiff was assigned to "Second Operations," as a line worker. In February 2003, Plaintiff submitted a request for intermittent FMLA leave concerning a serious health condition affecting her spouse, which Defendant granted in April 2003. Defendant had a leave policy that assessed points for missed work and provided that an employee who accumulated nine points was automatically fired. Plaintiff asserts that in 2003 and 2004, Defendant assessed points to her for leave that was FMLA leave. She attempted unsuccessfully to have these improper points removed. Then in June 2004 and on September 17, 2004, she attempted to discuss the matter with the Director of Human Resources, but he refused to discuss the FMLA leave with Plaintiff. Finally, Plaintiff asserts that she was fired on September 17, 2004, alleging that Defendant "terminated the plaintiff after she attempted to exercise her FMLA rights, in direct violation of the FMLA, 29 U.S.C. § 2615." Among her claims for damages, Plaintiff requested damages for emotional distress and mental anguish.

In its motion to dismiss, Defendant asserts that the complaint fails to allege an FMLA protected event as cause for Plaintiff's termination and that the allegations are so indefinite that Defendant cannot determine whether the complaint seeks relief for interference under 29 U.S.C. § 2615(a)(1) or retaliation under 29 U.S.C. § 2615(a)(2). Defendant also asserts that the portions of the complaint seeking damages for emotional distress should be stricken as such damages are not available under the FMLA.

In response, Plaintiff asserts that the complaint meets the notice pleading requirements, apparently seeking to assert claims both for interference and retaliation. In

the alternative, Plaintiff filed a motion for leave to amend her complaint, attaching the proposed first amended complaint. [Doc. #10]. The amended complaint addresses some of the issues raised by Defendant in its motion. Most notably, the first amended complaint does not seek damages for emotional distress and contains express allegations that Plaintiff's termination was a direct and proximate result of her exercise of her rights under the FMLA and was in violation of 29 U.S.C. § 2615(a)(1) and (2).

In its reply brief, Defendant asserts that the proposed first amended complaint still fails to state a claim that would entitle Plaintiff to relief. Defendant asserts that the complaint fails to state a claim for interference because it fails to plead that Plaintiff was denied a benefit to which she was entitled, but rather, alleges Plaintiff requested and received FMLA leave. Defendant further asserts that the proposed amended complaint fails to state a claim for retaliation because it does not state that her exercise of FMLA rights resulted in her termination; does not specify which of her activities constituted the "attempted exercise of FMLA rights," the effort to get the points removed or the attempt to speak to Human Resources; and does not sufficiently allege a causal connection between her attempted exercise of rights and the termination of her employment.

## Discussion

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept[] all factual allegations in the complaint as true and grant[] every reasonable inference in favor of the nonmovant." Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1060 (8th Cir.), cert. denied, 126 S.Ct. 2969 (2006).

Dismissal is not to be granted lightly. "'A motion to dismiss should be granted only if it appears beyond doubt that plaintiff can prove no set of facts to warrant a grant of relief.'" Id. (quoting Gilmore v. County of Douglas, Neb., 406 F.3d 935, 937 (8th Cir. 2005)); accord Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). Thus, Eighth Circuit case law has recognized that a dismissal under Rule 12(b)(6) is granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999); see Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

As Defendant correctly notes, § 2615(a)(1) makes it unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the statute. 29 U.S.C. § 2615(a)(1).

> Interference includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave. It would also include manipulation by a covered employer to avoid responsibilities under the FMLA." 29 C.F.R. § 825.220(b). An employer's action that deters an employee from participating in protected activities constitutes an "interference" or "restraint" of the employee's exercise of his rights. Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1124 (9th Cir. 2001).

Stallings v. Hussmann Corp., 447 F.3d 1041, 1050 (8th Cir. 2006). To state a claim for interference, the employee must only show she was entitled to the benefit denied, without regard to the employer's intent. Id.

The FMLA also prohibits an employer from discriminating against an employee for asserting her rights, under 29 U.S.C. § 2615(a)(2). To establish a claim of retaliation

4

under the FMLA a plaintiff must establish (1) that she engaged in conduct protected under the FMLA, (2) that she suffered an adverse employment action, and (3) a causal connection between the two. Hite v. Vermeer Mfg. Co., 446 F.3d 858, 865 (8th Cir. 2006). "To establish a causal link between the employee's exercise of FMLA rights and her termination, the employee must prove that an employer's retaliatory motive played a part in the adverse employment action." Id. (internal quotations and citations omitted).

As the Eighth Circuit noted in Stallings, it is often difficult to determine whether a claim is properly one for interference or retaliation, and "'the lines between the two categories are not hard and fast.'" Stallings, 447 F.3d at 1051 (quoting Dillaway v. Ferrante, No. Civ.02-715(JRT/JSM), 2005 WL 23109696, at *5 (D. Minn. Dec. 9, 2003)).

The Court agrees with Defendant that Plaintiff's initial complaint was deficient in several respects. Plaintiff attempted to address these deficiencies in her proposed amended pleading, however, and as such, the Court will proceed with an analysis of the sufficiency of the proposed amended complaint.

Defendant alleges that Plaintiff's interference claim in the amended complaint fails because she does not assert that she was denied FMLA leave. Defendant, though, reads Plaintiff's claims too narrowly. Accepting the allegations as true, and according Plaintiff the benefit of all reasonable inferences, Plaintiff alleges that she was entitled to FMLA leave, but that while Defendant permitted the leave, Defendant improperly assessed points for such absences. The employer then used these points, alone or together with

other points, as a basis for automatic termination. Such action by an employer could be construed to deter an employee from exercising her rights under the FMLA. Defendant has cited no case authority for the proposition that these allegations could not support a claim of interference, and the Court declines to find on this record that Plaintiff cannot state a claim of interference on these facts.

Nor does the Court accept Defendant's argument with regard to the retaliation claim. Plaintiff's complaint, fairly read, asserts that she was entitled to receive FMLA leave without the assessment of points toward termination, that she attempted to assert her rights, and that she was terminated as a result of her attempts to assert her rights. As such, the Court finds that Plaintiff's amended complaint sufficiently alleges a claim for retaliation to survive a motion to dismiss. See Heisler v. Metropolitan Council, 339 F.3d 622, 631 (8th Cir. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's alternative motion for leave to file amended complaint [Doc. #10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, or in the alternative, for more definite statement [Doc. #5] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to strike [Doc. #5] is **DENIED as moot**.

The Court will schedule a Rule 16 conference by separate order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of January, 2007.